(7 Misc. Rep. 377.)

## In re PATON.

(Surrogate's Court, Westchester County.   February, 1894.)

1. GUARDIAN AND WARD—RIGHT TO COMPEL PAYMENT OF LEGACY.
   The general guardian of an infant legatee is not "a person entitled to a legacy," within Code Civ. Proc. § 2722, declaring who may apply to the surrogate's court to compel an executor or administrator to pay legacies.

2. INFANCY—SUPPORT—APPLICATION OF CORPUS OF THE ESTATE.
   On an application under Code Civ. Proc. § 2722, to compel an executor to pay a legacy, the surrogate's court cannot direct the legacy to be applied to the support or education of the infant legatee.

Petitions by Ella C. Paton, as general guardian of Herbert H. Dickson and Margerite Dickson, minors, to compel the executor of the will of Sarah H. C. Wilson to pay over the amount of legacies given by said will to petitioner's wards, or so much thereof as the executor may have on hand.   The petitions alleged that the minors had no property or means of support, other than the legacies; that their mother is dead; and that their father is unable to care for and support them, his only income being that derived from his daily labor.

Eugene K. Sackett, for petitioner.
Lemuel Skidmore, for executor.

COFFIN, S.   Courts are watchful in the protection of minors and their interests.   In general, a guardian may not, without permission of court, encroach upon the corpus of the trust estate, in his expenditures for the ward's benefit.   But where a proper case is made out, upon application to the court, such permission might be granted. These are common-law principles, and the court of chancery had superior control over minors and their guardians.   When that court was abolished, its powers in this regard were devolved upon the supreme court, while most of them were long since conferred upon and exercised by the surrogates' courts.   By section 2846 of the Code, a surrogate may make an order directing the application, by the guardian of the infant's property, to the support and education of the infant, of such a sum as to the surrogate seems proper, out of the income of the infant's property, or, where the income is inadequate for that purpose, out of the principal.   Again, section 2746, in the article on "Accounting," etc., provides that, where a legacy or distributive share is payable to an infant, the decree may, in the discretion of the surrogate's court, direct it, or so much of it as may be necesary, to be paid to his general guardian, to be applied to his support and education, and the court may, in its discretion, by its decree, direct any legacy not paid or applied as aforesaid, which is payable to an infant, to be paid to the general guardian, on his executing and depositing with the surrogate a bond to such infant, in double the amount of such legacy, conditioned that he will faithfully apply such legacy, etc.   The court may then, in its discretion, from time to time, authorize or direct the guardian to expend such part of the legacy in the support, maintenance, and edu-

cation of such infant as it deems necessary. Section 2722 provides that a petition may be presented to the surrogate's court, praying for a decree directing an executor to pay the petitioner's claim, by a person entitled to a legacy, at any time after one year has expired since letters were granted. The surrogate, on the return of a citation issued thereupon, must make such a decree in the premises as justice requires, but must dismiss the petition without prejudice to an action or an accounting in behalf of the petitioner, where it is not proved to his satisfaction that there is money or other personal property of the estate applicable to the payment or satisfaction of the petitioner's claim, and which may be so applied without injuriously affecting the rights of others entitled to priority or equality of payment or satisfaction. By section 2723 it is provided that the surrogate may, in his discretion, entertain such a petition at any time after letters are issued, although a year has not expired, and that if, in such a case, it appears that a decree for payment may be made as prescribed in the last section, and that the amount of money and the value of the other property in the hands of the executor applicable to the payment of debts, legacies, and expenses exceed by at least one-third the amount of all known debts and claims against the estate of all legacies which are entitled to priority over the petitioner's claim, and of all legacies of the same class, and that the payment or satisfaction of the legacy, or some part thereof, is necessary for the support or education of the petitioner, the surrogate may make a decree directing payment or satisfaction accordingly, on the filing of a bond as therein specified.

It is not entirely clear which of these sections of the Code is invoked to support these applications, as the prayers of the petitioner, and allegations of both petitions and answers, indicate that features of both the last-mentioned sections were had in view in their preparation; but it may fairly be assumed to be section 2722, for the next section is applicable only to a case where the application is made before the expiration of the year. Then that section proceeds to define what may be done "in such a case." Here the year has long since expired, and hence this is not "such a case." Whether it be that, or the section immediately preceding, the petition is not presented "by a person entitled to a legacy * * * under the will." The general guardian is not such a person, and it was held in Peyser v. Wendt, 2 Dem. Sur. 221, that an assignee of a legatee was not such a person, and his application could not be entertained, but it is not proposed here to further consider that question.

It would seem that the petitions and answers were prepared with both sections in view, for while the petitions state that the executor has sufficient assets in hand, applicable to the payment of the legacies, to pay the same, or portions thereof, and the prayer is for an order directing the executor to pay said legacies, or such parts thereof as he may have funds in hand sufficient to pay without injuriously affecting the rights of others entitled to priority or equality of payment, and authorizing the petitioner to apply the same to the support of said minors, the answer admits sufficient funds in hand to pay to or for each the sum of $2,860, including the $1,000 paid on

account of Margerite's interest, without diminishing the amount in hand requisite for the payment of debts and expenses against the estate, of all legacies which are entitled to priority over the claims of said minors, and the like proportionate part of all legacies or distributive shares of the same class.   It will be observed that nowhere is there any allegation that the amount of money and the value of the other property in the hands of the executor exceed, by at least one-third, the amount of all known debts, claims, legacies, etc., as provided by section 2723; and the preceding section makes no provision for the application of the legacy, or a part thereof, for the support or education of infants.   The surrogate has no power to authorize an encroachment upon the corpus of the estate, except in the cases and in the manner expressly conferred by statute.   In this case he cannot do so under section 2846, for the reason that it is based upon the assumption that the guardian already has the fund in hand.   Nor can he act under the authority conferred by section 2746, because that is to be exercised only in an accounting proceeding; nor under section 2722, for the reason that no such power is conferred by its provisions; nor under section 2723, because this is not a proceeding under that section.   As stated, more than a year has expired since letters testamentary were issued, and these infants, or any person in their behalf, may cite the executor to account; and in the decree entered in that proceeding the surrogate could determine what provision, if any, should be made for them. As there need be no delay in instituting such a proceeding, there can be no serious injury likely to result to these children from the dismissal of these proceedings.

It may be proper to remark that the facts stated are not sufficient to enable the court to judge understandingly what allowance would be proper to make, had it the power to make it now.   It is not stated when the legacies become due; whether there is any income derivable therefrom; what their respective ages are, except that they are under 14; in what labor their father is employed; what wages he receives; what their social standing and consequent needs may be; nor what disposition has been made of the $1,000 paid.   The legacies are stated to be about $4,000 each; and it is sought, through the order of this court, that nearly three-quarters of the fund, including what has already been allowed on behalf of Margerite, be paid to the guardian by the executor, and that even without the security to be furnished in such case on an accounting.   The fact that the $1,000 paid for the support of one of the minors has been expended in six months gives rise to the suspicion of a misapplication thereof, and this suspicion is intensified by the application now made for $1,860 more.   At this rate the funds would soon be dissipated.   If the legacies had been properly invested, they would have produced an income, annually, of perhaps $200 each.   This, with what the father could contribute from his earnings, ought to be sufficient for a comfortable support of infants in their apparent station in life. Many a father, in like case, does it without any aid whatever.   The petitions should be dismissed, without prejudice to an action or an accounting in behalf of the petitioner.